The Honorable, the Judges of the United States Court of Appeals for the 4th Circuit. Oyez, oyez, oyez. All persons having any manner or form of business before the Honorable, the United States Court of Appeals for the 4th Circuit are admonished to draw nigh and get their attention, for the Court is now sitting. God save the United States and this Honorable Court. May we sit down?  Good morning. My name is Frank Polichelli and I'm representing the petition of David Falso in this case. And we're here based on the 2241 petition of Mr. Falso. What happened is this. Mr. Falso was indicted on a 242 count indictment back in 2005, of which, of child pornography and traveling, they have illicit sex with minors. He pled guilty in 2006. You've got to remember, Booker was decided in 2005. What happened with Judge McAvoy, who took the plea and sentenced him, is that there was a prior conviction that Mr. Falso had in New York for a misdemeanor endangering the welfare of a child. That was a crime that said if you endanger the health, welfare, morality of a child, it's a crime. His conduct was sexual abuse of a child. So Judge McAvoy, at the time, under 2251E, said, well, that is a sexual conviction, which means I have to enhance his sentence under 2251E. That enhancement made for an increase in the mandatory minimum from counts 3 to 252 of 10 years. His minimum went from... Right. And the crux of this case, though, at least one of the cruxes of this case, seems to be counts 1 and 2, right, which did not get the enhancement and was the same 30-year sentence. And so the Second Circuit said, we will even assume that the error occurred, but it didn't make any difference in this case. Here's the problem with the Second Circuit summary judgment, OK? If you read the Second Circuit summary judgment, they say because it didn't affect his ultimate sentence, OK, he gets 30 years on counts 1 and 2. That was the maximum. However, here's the problem. Here's the difference between this case and the Foote case. Oh, I see the difference between this case and the Foote case. But let me ask you, your position is that we are applying Second Circuit law to this case. And it looks to me like under Second Circuit harmless error law, whether we think they do it right or not, there's not a problem here. I disagree with the court. I'm going to tell you why. The Second Circuit never paid... Here's the biggest problem in this case. And the judge said this. He says, I'm handicapped here. I'm handcuffed because I have no discretion in what I could sentence because I have to enhance not only under 2251E, but I got to apply the guidelines. If I have to apply the guidelines, I have to apply 4B1.5, which enhances based on the same criminal conviction that the statute says I have to enhance that. So therefore, the entire range of sentencing was affected from the minimum to the maximum on the first two counts of the indictment. And you've got to remember this, too. When the Second Circuit decided this case in 2009, the Supreme Court never had decided Alleen, and this court had not decided Wheeler. So speaking of Wheeler, how do you meet the second prong of Wheeler that there must have been a change in settled law? I've always wondered the difference between law and settled law. The law is the law, but the settled law... Is a case of first impression settled law? I mean, I'm not following you there. A case of first impression, meaning this case? Any case. No. Okay. But here's the thing. The law at the time of... Judge Itten-Beardsley made clear that it stated, we have not had occasion to decide whether and under what circumstances 2252A permits a modified categorical analysis. Accordingly, this case represents a question of first impression in our court. Yeah, because it didn't matter when they decided this Harris was still good law. And Alleen reversed Harris. And therefore, when you... And you even said in footnote 9 of Wheeler, you can't ignore Alleen. Alleen changed everything because it changed the whole range of sentencing from the floor to the ceiling. And so when the Second Circuit decided this case, and they look at the ultimate sentence, Alleen, even though Alleen isn't retroactive, but it was applied substantively in your cases of Wheeler and Lester. So that's the problem with the Second Circuit decision. The first two counts of the indictment were changed dramatically because he would have never have gotten the 30-year sentence because the 4B1.5 changes the guidelines offense level five points and gives them a criminal history category of five. So there's a difference in the guidelines. If he was sentenced under the guidelines, even though they were advisory at the time, he would have gotten 63 to 78 months. Because of the enhancement, his guideline range shoots up to 168 to 210 months. Do you argue that Beardsley was deemed retroactive somehow? What Beardsley did is it said... So is that a yes or a no? And then you can explain to me what Beardsley did. Yes, it was retroactive. How? Because it was substantive. Because it said you cannot enhance somebody's sentence for endangering the welfare of the child because you have to apply the categorical approach under 2251E. And Judge McEvoy didn't do that. He struggled with it. Is that usually how it's determined whether or not a case is retroactive? If it's substantive? Yes. Doesn't the court have to say so? No. The court, this court, has said even though a Supreme Court decision may not say it's retroactive, it could be applied. You said that in Simmons and you said that in Miller with the Karachuo case where it wasn't retroactive, but you could apply a decision that's not retroactive in a substantive manner. And that's what happens here. I'm sorry, I thought Simmons and Miller were sort of almost the counterexample to what you're talking about. First, Simmons says there's error. Then Miller holds that's a retroactive decision. And at that point, you get through the savings clause gateway because another decision has already deemed it retroactive. And so at least what I'm asking you is, is there some other decision out there that says Beardsley is retroactive? Wheeler. Wheeler? I don't know. Yes. In footnote 9, when you talk about a lien. Beardsley, here's the thing about Beardsley. What Beardsley did was say the same thing that you would say in those other cases in Miller and Simmons. I need to read footnote 9. I don't recall that we said that. Go ahead. Maybe it's footnote 8. I love a good footnote. In any event, the thing about it is if he was sentenced without the enhancement for the sex offense, which he's actually innocent of because he was not guilty of a sexual conviction, he never would have gotten the sentence he got and he wouldn't be in jail today. Can I just ask you sort of my one of my underlying concerns about this case? So sort of the premise of Wheeler in that whole line of cases is that 2255 is inadequate because you have a claim that was foreclosed by settled law at the time you wanted to bring it. And I'm just not so this is not a technicality that you ask what does settled law mean. It means it was sufficiently settled that you had no reasonable opportunity to raise that claim at the time. And I'm just not seeing that because well after the time the Second Circuit says in Beardsley, this is the first time we're addressing this question. So it just doesn't seem that you didn't have or that there was no reasonable opportunity to raise this claim at the time of the direct appeal and the first habeas petition. And just to add on to that point, you did concede earlier that a case of first impression is not settled law. So now what? Are you saying that Beardsley is a case of first impression? I'm saying that's what the Second Circuit said when it decided Beardsley. Yeah, but don't forget they didn't address the issue in Falso that they decided in Beardsley years later because they said that they didn't have to reach that because it didn't go beyond the ultimate sentence because at the time the mandatory minimum was still Harris. The law of the mandatory minimum was still the Harris case based on Elmireta's parts. And then that was reversed by Alene. So it's a combination. It's a line of precedence, not just one case that changed the law. It was the line of precedence. It was Beardsley. It was Alene. It was DeKalb. DeKalb said that you have to apply the categorical approach. So that conviction of endangering the welfare of a child should have never been used to enhance the sentence in the first place, and it changed the whole range of sentencing from the mandatory minimum to the statutory maximum. And it was basically unfair. And we're here on Arinovavius Corpus because he can't go back on 2255 because he had already brought one 2255 petition. The law was settled at the time he was sentenced that they could say what they said in the Second Circuit without addressing the mandatory minimum, and the law has changed. And we seek equitable relief here because I believe that's a fundamental defect in the sentencing of this individual where he's in jail for conduct that he shouldn't be in jail for, the conduct having convicted a prior sex offense. He never had a prior sex offense, so it's unfair. It's basically unfair. And when we talk about principles of equity, equity delights to do complete justice and not that by halves. Any other questions? I've got my argument. I think that's my argument. Okay. All right. Thank you, counsel. Thank you. Mr. Cook. May it please the Court. In Beardsley, the Second Circuit said that the issue decided there was a question of first impression, and it looked in part to the Supreme Court's opinion in Shepard from 2005. Shepard, of course, was available to the defendant at the time of sentencing, and at the sentencing itself, the district judge made comments that reflected that the law was hardly settled on this question that Beardsley decided. And the district judge said, I'm not sure if Shepard says what you, defense counsel, say it says, or it says what I say it says. We'll have to see in the circuit. And in light of that, the defendant cannot show that there was settled law that precluded him from making this claim at the time, and, in fact, did make it. The Second Circuit said the error is harmless. I take it sort of the premise of your argument is that you agree with the petitioner that we're applying Second Circuit law here. I think that this Court's opinion in Hahn supports that. I think that the Court understands the government. And based on Wheeler and the settled law argument you just made, that supports the government, right, Wheeler? Yeah, I think that that really is kind of the end of this case. So why should we overturn Wheeler? It's good for the government in this instance. Didn't you argue at length in your brief how wrong we were in Wheeler? I'm preserving the government's position. Even if the Court were to think that there was an entitlement to relief here, the government could seek further review. And you, too, have explained the government's position on the saving clause. But in this case, the dispute about the savings clause, I don't think there is a circuit that would recognize this as satisfying the saving clause. So in this case, I think it's not necessary to address that division of authority about the scope of the saving clause. Actually, a colleague of yours wrote the brief, right? Did you write it? No, you're looking at perhaps the original brief. I wrote the supplemental brief. So it was you. Does the Court have any other questions? I'm happy to address any others. No, there are none. Thank you. Thank you, Mr. Cook. I just want to very clearly make my point. When the Second Circuit decided this case, you've got to remember that the whole appeal was based on a search and seizure question. It was litigated for a while. This was a summary order, and basically they said back in 2009 that we don't have to decide whether the categorical approach should be applied in the enhancement or not because you got sentenced less than the maximum sentence. All that has changed in the last ten years. The whole landscape of the substantive law has changed, and he needs to get relief from being in jail under 2241 because the Second Circuit never addressed the issue. Talk about settled law. Yes, the settled law back then when they did not address the categorical approach that was made to them in the argument was we don't need to approach that so long as he gets sentenced less than the maximum. And this Court has said that being sentenced less than the maximum doesn't matter when the range of sentencing takes the discretion away from the sentencing judge. No, Judge Harris? No, I got it. I understand. Okay. Thank you all so much. I appreciate it. Thank you so much. We'll come down, greet counsel, and proceed to our next case. Thank you.
judges: Roger L. Gregory, Stephanie D. Thacker, Pamela A. Harris